Yongmoon Kim
KIM LAW FIRM LLC
411 Hackensack Avenue 2nd Floor
Hackensack, New Jersey 07601
Tel. & Fax (201) 273-7117
ykim@kimlf.com

Philip D. Stern
Andrew T. Thomasson
STERN•THOMASSON LLP
150 Morris Avenue, 2nd Floor
Springfield, NJ 07081-1315
Telephone: (973) 379-7500

*Attorneys for Plaintiff, on behalf of himself and those similarly situated*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| IBRAHIM CERYANSUYU, *on behalf of himself and those similarly situated*, <br><br> Plaintiff, <br><br> vs. <br><br> CENTRAL CREDIT SERVICES LLC, and JOHN DOES 1 to 10, <br><br> Defendants. | Civil Action No. <br><br><br> **CLASS ACTION COMPLAINT** |

Plaintiff, Ibrahim Ceryansuyu, individually and on behalf of all others similarly situated, by way of Complaint against Defendants, Central Credit Services LLC; and John Does 1 to 10, says:

## I. NATURE OF THE ACTION

1. This class action for damages arises from a collection agency's violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

## II. JURISDICTION AND VENUE

2. This Court has jurisdiction to entertain this matter pursuant to 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

3. Venue in this action properly lies in the District Court of New Jersey, Newark Vicinage.

## III. PARTIES

4. Plaintiff, Ibrahim Ceryansuyu ("Plaintiff" or "Ceryansuyu"), is a natural person residing in Bergen County, New Jersey.

5. Defendant, Central Credit Services LLC ("Defendant" or "CCS"), is a collection agency with an office located at 20 Corporate Hills Drive, St. Charles, Missouri 63301.

6. Defendants John Does 1 to 10 are fictitious names of individuals and businesses alleged for the purpose of substituting names of defendants whose identity will be disclosed in discovery and should be made parties to this action.

## IV. FACTS

7. Defendant is not in the business of extending credit, selling goods or services to consumers.

8. Defendant regularly collects or attempts to collect debts that are past due.

9. Defendant regularly collects or attempts to collect debts allegedly owed to others which were incurred primarily for personal, family or household purposes.

10. Defendant is in the business of collecting debts or alleged debts of natural persons which arise from transactions which are primarily for personal, family, or household purposes.

11. Defendant uses the mails, telephone, the internet and other instruments of interstate commerce in engaging in the business of collecting defaulted debts or alleged debts of

natural persons which arise from transactions which are primarily for personal, family, or household purposes.

12. CCS is a collection agency.

13. Defendant has asserted that Plaintiff incurred or owed a certain financial obligation to First Premier Bank ("Debt" or "Account").

14. The Debt is alleged to arise from one or more transactions.

15. The Debt arose from one or more transactions which were primarily for Plaintiff's personal, family or household purposes.

16. The debts alleged to be owed by the Plaintiff and those similarly situated were incurred for personal, family or household purposes.

17. The Account was past-due and in default when it was purchased by Advantage Assets for pennies on the dollar.

18. The Account was assigned to CCS for the purpose of collecting the Debt.

19. Defendant contends that the Account is in past due and in default.

20. The Account was past due and in default at the time it was placed with or assigned to CCS for collection.

21. In an attempt to collect the Debt, Defendant mailed a collection letter to Plaintiff on February 17, 2015 ("CCS Letter").  A true copy of the CCS Letter, but with redactions, is attached as **<u>Exhibit A</u>**.

22. Plaintiff received and reviewed the CCS Letter.

23. The CCS Letter was the first letter or writing CCS sent to Plaintiff in an attempt to collect a Debt.

24. The CCS Letter states: "If you are incapable of fulfilling either of these options or if you have any questions regarding your account, please don't hesitate to give one of our collection specialists a call at 1-888-297-0415."

25. Section 1692g(a) of the FDCPA requires a debt collector to convey to the consumer important statutory rights ("Validation Notice").

26. The Validation Notice is an important statutory right which must be sufficiently prominent and be readily noticed. It cannot be overshadowed by its placements, other languages or notice in the letter.

27. However, the Validation Notice on the reverse side of the CCS Letter is overshadowed and contradicted by a statement "to give one of our collection specialists a call" "if you have any questions regarding your account[.]"

28. "[A]ny dispute [of a debt], to be effective, must be in writing."[1]

29. "[T]he least sophisticated debtor could reasonably believe that he could effectively dispute the validity of the debt by making a telephone call, even though such disputes must be made in writing in order to be effective in this Circuit."[2]

30. The CCS Letter is deceptive because "'it can be reasonable read to have two or more different meanings, one of which is inaccurate,' i.e., that [Ceryansuyu] could dispute the debt by making a telephone call."[3]

31. Further, although the CCS Letter states that the total balance is $758, Defendant failed to disclose that the balance may increase due to interest, collection costs, attorneys' fees and other costs and fees.

---

[1] *Graziano v. Harrison*, 950 F.2d 107, 112 (3d Cir. 1991).
[2] *Caprio v. Healthcare Revenue Recovery Grp., LLC*, 709 F.3d 142, 150-51 (3d Cir. 2013)
[3] *Caprio*, 709 F.3d at 152 (quoting *Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000)).

32. The CCS Letter does not state when the current balance was last calculated and does not disclose that the balance might be greater on the later date Plaintiff makes a payment.

33. The least sophisticated consumer would be uncertain as to whether the current balance was continuing to accrue interest, collection costs, attorneys' fees and other costs and fees because there was no disclosure of such.

34. The CCS Letter failed to clearly and accurately state the amount of the Debt as required by the FDCPA.

35. Defendant used the same procedures used in sending the CCS Letter in their attempts to collect debts from numerous other New Jersey consumers.

36. During the period from one year before this Complaint is filed to the present, Defendant used the same unlawful procedures in their attempts to collect debts from numerous New Jersey consumers.

## V.   CLASS ACTION ALLEGATIONS

37. Plaintiff brings this action individually and as a class action on behalf of all others similarly situated pursuant to Rule 23 of the Federal Rules of Civil Procedure.

38. Subject to discovery and further investigation which may cause Plaintiff to modify the following class definition at the time Plaintiff moves for class certification, Plaintiff seeks certification of a Class initially defined as follows:

> (a) All consumers residing in New Jersey, (b) to whom Central Credit Services LLC, sent a collection letter in the same or similar form as **Exhibit A**, (c) dated within one year prior to the date the Complaint is filed, (d) was not returned by the United States Postal Service as undeliverable, (c) was seeking to collect a consumer debt.

39. Plaintiff seeks to recover statutory damages, attorney's fees and costs on behalf of all class members under the Fair Debt Collection Practices Act.

40. The Class for whose benefit this action is brought is so numerous that joinder of all members is impracticable.

41. There are questions of law and fact common to the members of the Class that predominate over questions affecting only individuals, including but not limited to:

    A. Whether Defendant is a debt collector under the FDCPA;

    B. Whether Defendant violated 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f; 1692f(1); and 1692g.

    C. Whether Plaintiff and the Class are entitled to damages.

42. A class action is superior to other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. The FDCPA statutory scheme provides for statutory damages payable to each class member. A class action will cause an orderly and expeditious administration of the claims of the Class and will foster economies of time, effort and expense.

43. Plaintiff's claims are typical of the claims of the members of the Class.

44. The questions of law and/or fact common to the members of the Class predominate over any questions affecting only individual members.

45. Plaintiff does not have interests antagonistic to those of the Class.

46. The Class, of which Plaintiff is a member, is readily identifiable.

47. Plaintiff will fairly and adequately protect the interests of the Class, and has retained competent counsel experienced in the prosecution of consumer litigation. Proposed Class Counsel have investigated and identified potential claims in the action; have a great deal of experience in handling consumer class actions, other complex litigation, and claims of the type asserted in this action.

48. The prosecution of separate actions by individual members of the Class would run the risk of inconsistent or varying adjudications, which would establish incompatible standards of conduct for the Defendant in this action or the prosecution of separate actions by individual members of the class would create the risk that adjudications with respect to individual members of the class would as a practical matter be dispositive of the interests of the other members not parties to the adjudications or substantially impair or impede their ability to protect their interests. Prosecution as a class action will eliminate the possibility of repetitious litigation.

49. Plaintiff does not anticipate any difficulty in the management of this litigation.

### VI.   COUNT I – FAIR DEBT COLLECTION PRACTICES ACT

50. Plaintiff, on behalf of himself and other similarly situated, reasserts and incorporates herein the allegations contained in the preceding and following paragraphs.

51. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

52. Plaintiff and those similarly situated are "consumers" as defined by 15 U.S.C. § 1692a(3) because they are natural persons allegedly obligated to pay a debt, in which the money, property, insurance, or services, which was the subject of the transaction, was primarily for personal, family and/or household purposes.

53. The Debt is a consumer "debt" as defined by 15 U.S.C. § 1692a(5).

54. The debts alleged to be owed by the Plaintiff and those similarly situated are consumer "debts" as defined by 15 U.S.C. § 1692a(5).

55. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6) and interpretations thereof.

56. The CCS Letter is a "communication" pursuant to 15 U.S.C. § 1692a(2).

57. The letters sent to New Jersey consumers, which are same or similar to the CCS Letter, are "communications" pursuant to 15 U.S.C. § 1692a(2).

58. The CCS Letter was sent by Defendant to Plaintiff in an attempt to collect the Debt.

59. The CCS Letter and the same and similar letters were sent by Defendant to Plaintiff and those similarly situated in attempts to collect the debts.

60. By sending numerous collection letters in the form attached as **Exhibit A**, Defendant violated sections 15 U.S.C. §§ 1692e, 1692e(2)(A), 1692e(5), 1692e(10), 1692f and 1692f(1) and 1692g of the FDCPA.

61. The violations of the FDCPA described herein constitute *per se* violations.

62. As a result of any one or more of the above violation of the FDCPA, Defendant liable to Plaintiff and the putative class for statutory damages, attorney's fees, and costs.

## VII.   PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, Ibrahim Ceryansuyu, on behalf of himself and others similarly situated, demands judgment against Defendant, Central Credit Services LLC as follows:

A. For certification of this instant matter as a class action, appointing the named Plaintiff as representative of the class, and appointing the attorneys of Kim Law Firm LLC and Stern•Thomasson LLP as class counsel;

B. For statutory damages in favor of Plaintiff pursuant to 15 U.S.C. § 1692k(a)(2)(B)(i) or, in the alternative, 15 U.S.C. § 1692k(a)(2)(A);

C. For maximum statutory damages in favor of the Class pursuant to 15 U.S.C. § 1692k(a)(2)(B)(ii);

D.   For attorney's fees, litigation expenses and costs in connection with this action pursuant to 15 U.S.C. § 1692k(a)(3);

E.   For pre-judgment and post-judgment interest; and

F.   For such other and further relief as the Court deems equitable and just.

## VIII.   JURY DEMAND

Plaintiff demands trial by jury as to all claims and defenses.

## IX.   CERTIFICATION

Pursuant to Local Civil Rule 11.2, I hereby certify to the best of my knowledge that the matter in controversy is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

KIM LAW FIRM LLC

Dated: February 16, 2016

*s/ Yongmoon Kim*
Yongmoon Kim

Philip D. Stern
Andrew T. Thomasson
STERN•THOMASSON LLP
*Attorneys for Plaintiff and those similarly situated*